IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY LOUIS JACKSON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-07-CV-0588-M |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Rickey Louis Jackson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On October 5, 2005, petitioner pled guilty to delivery of a controlled substance and was sentenced to four years confinement. Petitioner was released to mandatory supervision on December 19, 2005, but was arrested for an unspecified violation two months later and returned to TDCJ-ID custody. Petitioner has challenged his 2005 drug conviction and the revocation of his mandatory supervised release in two applications for state post-conviction relief. Both writs are pending before the Texas Court of Criminal Appeals. *Ex parte Jackson*, WR-36,203-08, 2007 WL 171979 (Tex. Crim. App. Jan. 24, 2007) (remanding case to trial court for additional findings); *Ex parte Jackson*,

WR-36,203-10 (writ rec'd, Mar. 27, 2007).[1] Petitioner now seeks federal habeas relief on the grounds that: (1) Tex. Gov't Code Ann. § 508.283(c), which provides that upon revocation of parole a person must serve the remaining portion of his sentence "without credit for the time from the date of the person's release to the date of revocation," is unconstitutional; and (2) the forfeiture of street-time credits violates the terms of his plea agreement and renders his guilty plea involuntary.

On April 5, 2007, the court sent written interrogatories to petitioner in order to determine whether these claims were properly presented to the Texas Court of Criminal Appeals for review. Petitioner answered the interrogatories on April 18, 2007. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

## II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

---

[1] Petitioner has filed eight other state writs related to other convictions. All those cases either have been dismissed on procedural grounds or denied on the merits. *See Ex parte Jackson*, WR-36,203-01 (Tex. Crim. App. Mar. 18, 1998); *Ex parte Jackson*, WR-36,203-02 (Tex. Crim. App. Jun. 7, 2000); *Ex parte Jackson*, WR-36,203-03 (Tex. Crim. App. Sept. 20, 2000); *Ex parte Jackson*, WR-36,203-04 (Tex. Crim. App. Jul. 25, 2000); *Ex parte Jackson*, WR-36,203-05 (Tex. Crim. App. Jun. 9, 2004); *Ex parte Jackson*, WR-36,203-06 (Tex. Crim. App. Nov. 2, 2005); *Ex parte Jackson*, WR-36,203-07 (Tex. Crim. App. Oct. 25, 2006); *Ex parte Jackson*, WR-36,203-09 (Tex. Crim. App. Mar. 28, 2007).

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Although petitioner has filed two state writs challenging his 2005 drug conviction and the revocation of his mandatory supervised release, both writs are still pending before the Texas Court of Criminal Appeals. (*See* Interrog. #3). Because the highest available state court has not yet considered petitioner's claims, his federal writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   April 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE